[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9127
The parties to this dissolution of marriage action intermarried on March 24, 1991. They are both in their early thirties. They have an infant son.
As to the element of fault it is found that neither party can be blamed more than the other. However, considering their attitude, it is concluded that the marriage has irretrievably broken down.
In his Proposed Orders the defendant sets forth an involved schedule for visitation rights. To accomplish this, it is suggested that the parties confer together and try to reach a plan which is convenient to both.
At present the defendant is living in the home and has a man living there who pays him $125 weekly.
It does not appear that the pension rights of the defendant are susceptible of division by a quadro order, or that this should be done in any event.
The following judgment may enter:
1. An order of dissolution of the marriage may enter on the ground of its irretrievable breakdown.
2. The plaintiff is ordered to quitclaim to the defendant her right title and interest to the marital home. He shall hold her harmless to any liability arising from the mortgage or other encumbrances.
3. The defendant shall pay to the plaintiff the weekly sum of $115 for the support of their child, Jeffrey. Said sum shall not be reduced because of the defendant's usual seasonal layoff.
4. He shall also pay to the plaintiff as alimony the weekly sum of $35 for the term of one year.
5. Joint custody is ordered, the child to live with the plaintiff, with reasonable rights of visitation in the defendant.
6. The defendant is ordered to name the said child as beneficiary for the life insurance now in effect in the sum of CT Page 9128 $5,000.
7. The defendant shall provide medical insurance for the child as may be available through his employment or union. He is ordered to do the same for the plaintiff unless she can obtain the same through her employment.
8. The defendant shall have the child as a tax deduction.
9. The parties shall share equally in the cost of the child's pre-school tuition.
John M. Alexander State Trial Referee